Djerasimovic v. Garland

BIA
Hochul, IJ
A201 217 040

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-four.

PRESENT:
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>        EUNICE C. LEE,
>                 *Circuit Judges.*

_____

MILOVAN DJERASIMOVIC,
>        *Petitioner,*

>        v.                                                             **21-6387**
                                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**              Robert Garson, Garson, Segal, Steinmetz, Fladgate, LLP, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Milovan Djerasimovic, a native and citizen of Serbia and Montenegro, seeks review of a June 9, 2021 decision of the BIA affirming an April 11, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Milovan Djerasimovic,* No. A 201 217 040 (B.I.A. June 9, 2021), *aff'g* No. A 201 217 040 (Immigr. Ct. Buffalo Apr. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). Because Djerasimovic does not challenge the agency's denial of his asylum claim as time-barred, we consider only his request for withholding of removal and CAT relief. *See Debique v. Garland,* 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented

in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891

F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on Djerasimovic's inconsistent testimony regarding his arrest in the United States. Before he was confronted with the police report, he testified that he was found not guilty of sexual abuse and forcible touching, and he claimed never to have met the alleged victim. However, once confronted with the police report, he testified that the alleged victim had been to his apartment twice and once stayed overnight. Contrary to Djerasimovic's position, the agency may rely on an inconsistency "without regard to whether [it] . . . goes to the heart of the . . . claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The agency did not err here because the inconsistency called Djerasimovic's credibility into question generally, and as discussed further below, there were other credibility issues with the past persecution claim. *See Siewe v. Gonzales*, 480 F.3d 160, 170–71 (2d Cir. 2007) (noting that even "[f]alse evidence that is wholly ancillary" still may "reinforce [an] adverse credibility ruling otherwise supported by material discrepancies").

The agency also reasonably found implausible Djerasimovic's testimony that he was assaulted in Serbia because he was a member of the Serbian True Orthodox Church. "It is well settled that . . . an IJ is entitled to consider whether

the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). "[T]he IJ must point to valid, or specific, cogent reasons for rejecting an applicant's testimony and may not reject testimony based on speculation." *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (internal quotation marks and citations omitted).

Here, the agency pointed to both Djerasimovic's testimony that he was wearing secular clothes at the time of the attack, and his inability—despite being asked multiple times—to adequately explain how he was recognized as a member of the Serbian True Orthodox Church. While Djerasimovic argues in his petition before this Court that these attacks happened near a church, and that is how his attackers could identify him as a member of the Serbian True Orthodox Church, he did not testify to this fact in front of the IJ. Moreover, Djerasimovic has not identified country conditions evidence corroborating the existence of the Serbian True Orthodox Church or persecution of its members by the Serbian government or the Serbian Orthodox Church.

The record also supports the agency's finding that Djerasimovic's hesitant and nonresponsive testimony further undermined his credibility. "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), so we "grant[]

particular deference in applying the substantial evidence standard to credibility findings based on demeanor," *Dong Gao v. BIA*, 482 F.3d 122, 126–27 (2d Cir. 2007) (internal quotation marks omitted). Djerasimovic was not responsive to questions about what injuries he sustained. He also repeated long, unresponsive narratives. For example, when asked if he knew his attackers, he repeated his account of where the attack happened and what the police did, rather than answering the question. *See Zhu Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 (2d Cir. 2004) ("A fact-finder . . . is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script[.]'"), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007).

Finally, the agency reasonably concluded that Djerasimovic failed to rehabilitate his credibility with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). For example, Djerasimovic testified that his siblings in Serbia were also receiving threats from members of the Sebian Orthodox Church, but he did

not submit letters from them to support his claims. Contrary to Djerasimovic's position here, because his credibility was in question, his testimony alone was not sufficient to meet his burden. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.").

Given the inconsistencies, implausibility, lack of responsiveness, and lack of corroboration of ongoing threats, substantial evidence supports the adverse credibility determination. *See id*. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an [applicant] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of withholding of removal and CAT relief because both forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court